IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | |
|---|---|
| JASON ARMSTRONG | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:20-cv-3171 |
| | ) |
| | ) |
| KAHLO CHRYSLER JEEP | ) |
| DODGE RAM, INC., | ) |
| CHRYSLER GROUP, LLC | ) |
| Defendants, | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of his Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991; 28 U.S.C. §§ 1331 and 1343, the Age Discrimination in Employment Act of 1967, and the Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice of right to sue on October 1, 2020.

**PARTIES**

3. Plaintiff is an African-American male and at all relevant times he resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

5. Plaintiff is an African American disabled forty-five year old male.

6. Plaintiff has a hearing impairment.

7. Plaintiff began working at Defendants in October 2017 as a sales consultant.

8. Plaintiff performed his job well. Plaintiff performed his job so well that he was the number one sales person at the location.

9. Plaintiff had expressed interests in several positions while working at Kahlo and he did not receive any of the positions.

10. In January 2019, Plaintiff expressed interest in being hired as the floor manager position. He expressed interest to Defendant's general sales manager.

11. Defedant's general sales manager informed him that he would be good as the floor manager and that it would be good for the dealership for me to be the floor manager. However, he was not hired into the position.

12. A younger non-disabled Caucasian male, was selected for the position. The younger Caucasian non-disabled male has less experience and has a worse sales record than the Plaintiff.

13. In June 2019, Plaintiff expressed interest in the finance manager position to Defendant's general sales manager. Defendant's general sales manager informed Plaintiff that the position would be good for him, that he would take a pay cut,

and then later informed him that the position was no longer available. However, a month later a younger Caucasuan non-disabled male received the position.

14. In June 2019, Plaintiff told to Defendant's general sales managers, that he believed that the younger Caucasian non-disabled male was being treated more favorably.

15. In addition, Plaintiff asked Defendant's general sales manager what were the requirements for the promotions, however, he never received a response.

16. In November 2019, Plaintiff expressed interest in the finance manager position. He expressed interest to Defendant's general sales managers. Defendant's general sales managers informed Plaintiff that they would not promote him to a finance manager because they were going to promote him to a desk manager, and he would start the new position on Jan. 1, 2020.

17. However, Defendant then hired a younger non-disabled Caucasian male, into the finance manager position even though he had less experience and seniority than the Plaintiff and he had worst sales than Plaintiff.

18. In late November 2019, Plaintiff talked to Defendant's general managers about the younger Caucasian non-disabled male becoming the finance manager when he has low sales, no experience and less seniority than Plaintiff.

19. Approximately two weeks after Plaintiff complained, Plaintiff was written-up for wearing jeans and informing his manager that his training would not be completed by a certain date due to other commitments. However, several younger non-disabled Caucasian males wear jeans to work and engaged in conduct more

serious than not completing training by a certain date, however, there were never written-up.

20. In January 2020, Plaintiff was informed that he would not become the desk manager because of his write-ups and because the dealership did not have the capacity for a fifth desk manager.

21. On February 4, 2020, Plaintiff was terminated. The reason given for his termination was that management did not believe he was happy.

22. Plaintiff was terminated due to his race, age and disability

23. Plaintiff was terminated for engaging in protected activity.

24. Plaintiff was not promoted due to his race, age and disability.

## COUNT I

25. Plaintiff incorporates by reference paragraphs 1-24.

26. Defendant, as a result of terminating Plaintiff due to his race, violated 42 U.S.C. § 1981.

## COUNT II

27. Plaintiff incorporates by reference paragraphs 1-24.

28. Defendant, as a result of terminating Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

29. Plaintiff incorporates by reference paragraphs 1-24.

30. Defendant, as a result of terminating Plaintiff due to his age, violated Age Discrimination in Employment Act of 1967.

## COUNT IV

31. Plaintiff incorporates by reference paragraphs 1-24.

32. Defendant, as a result of terminating Plaintiff due to his disability, violated Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

### COUNT V

33. Plaintiff incorporates by reference paragraphs 1-24.

34. Defendant, as a result of terminating Plaintiff due to Plaintiff engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

### COUNT VI

35. Plaintiff incorporates by reference paragraphs 1-24.

36. Defendant, as a result of terminating Plaintiff due to Plaintiff engaging in protected activity, violated 42 U.S.C. § 1981.

### COUNT VII

37. Plaintiff incorporates by reference paragraphs 1-24.

38. Defendant, as a result of not promoting Plaintiff due to his race, violated 42 U.S.C. § 1981.

### COUNT VII

39. Plaintiff incorporates by reference paragraphs 1-24.

40. Defendant, as a result of not promoting Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 et al.

### COUNT VIII

41. Plaintiff incorporates by reference paragraphs 1-24.

42. Defendant, as a result of not promoting Plaintiff due to his age, violated Age Discrimination in Employment Act of 1967.

## COUNT IX

43. Plaintiff incorporates by reference paragraphs 1-24.

44. Defendant, as a result of not promoting Plaintiff due to his disability, violated Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff his cost in this action and reasonable attorney fees;

E. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd #31235-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd #31235-49

                 Attorney for Plaintiff

Amber K. Boyd #31235-49
Amber Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416